UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL A. JACKSON, ) CASE NO. C08-1059-JLR
)
    Petitioner, )
)
    v. ) REPORT AND RECOMMENDATION
)
PAT GLEBE, et al., )
)
    Respondents. )
_____ )

## INTRODUCTION

Petitioner is an inmate at the McNeil Island Corrections Center in Steilacoom, Washington. He has brought an amended petition for a writ of habeas corpus ("habeas petition"), under 28 U.S.C. § 2254, challenging his 2005 conviction in King County Superior Court. (Dkt. No. 26 at 1). Respondents have filed a motion to dismiss the petition as time-barred, to which petitioner has filed a response. (Dkt. Nos. 32 & 34). Having carefully considered the parties' briefs, the Court recommends that the petition be dismissed as untimely under 28 U.S.C. § 2244(d).

## BACKGROUND

In 1993, petitioner was tried and convicted in state court, along with his wife Laurinda,

of felony murder based upon the death of their three-year-old foster child. *See State v. Jackson*, 87 Wash. App. 801 (1997). Petitioner was sentenced to 360 months in prison. (Dkt. No. 32, Ex. 9 at 24). On appeal, the Washington Court of Appeals reversed the judgment based upon an erroneous jury instruction and granted a new trial. 87 Wash. App. at 819. Petitioner then pleaded guilty to second-degree murder and was sentenced to 227 months in prison. (Dkt. No. 32, Ex. 2). On March 23, 2005, the state court again reversed petitioner's sentence based upon *In re Andress*, 147 Wash. 2d 602 (2002), in which the Washington Supreme Court held that assault is not a predicate felony for purposes of the Washington felony murder statute.

Following the reversal based upon *In re Andress*, Petitioner pleaded guilty a second time and was resentenced on July 27, 2005 to 194 months in prison. (Dkt. No. 32, Ex. 1 at 4). Petitioner initially filed a direct appeal in the state court. (*Id*., Ex. 10). However, he later filed a motion to withdraw the appeal and this motion was granted on January 27, 2006. (*Id*., Ex. 13).

Petitioner's original habeas petition under 28 U.S.C. §2254 was received by the Court on July 10, 2008. (Dkt. No. 1). The Court granted petitioner leave to amend because the habeas petition did not name a proper respondent. (Dkt. No. 7). Petitioner filed an amended petition on July 31, 2008. (Dkt. No. 8). The Court directed respondent to file an answer. (Dkt. No. 9).

On October 14, 2008, respondent filed a motion seeking clarification of which state court judgment petitioner was attacking in his habeas petition. (Dkt. No. 17). The Court granted the motion. (Dkt. No. 19). On December 4, 2008, petitioner filed a second amended

petition. (Dkt. No. 21). The Court again directed respondent to file an answer. (Dkt. No. 22).

On February 17, 2009, respondent filed a motion to dismiss the petition as time-barred under 28 U.S.C. § 2244(d). Petitioner filed a response on February 26, 2009 (Dkt. No. 34) and the matter is ready for review.

## DISCUSSION

Petitions filed pursuant to 28 U.S.C. § 2254 are governed by the one-year statute of limitations provided in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, subject to certain exceptions which do not apply here, the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1).

Here, petitioner's conviction became final after expiration of the time for seeking review of the dismissal of his case by the Washington Court of Appeals. The appellate court granted petitioner's motion to withdraw his appeal on January 27, 2006. (Dkt. No. 32, Ex. 13). Thirty days later, or on February 27, 2006, his conviction became final under AEDPA. The one-year statute of limitations under AEDPA accordingly expired on February 27, 2007.

Petitioner did not file the instant § 2254 until July 10, 2008, or approximately 17 months after AEDPA's statute of limitations had expired. Petitioner has not shown, nor even argued, that he is entitled to statutory or equitable tolling that would render his petition timely.

Petitioner devotes his entire response to the motion to dismiss to three Washington cases that do not address the timeliness of a federal petition for a writ of habeas corpus. (Dkt. No. 34). Therefore, the Court concludes that petitioner filed the instant habeas petition too

01 late, and it is now barred from consideration.

## CONCLUSION

For the reasons discussed above, the Court recommends that respondents' motion to dismiss be granted and petitioner's habeas petition challenging his 2005 conviction be DISMISSED with prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 17th day of March, 2009.

s/ Mary Alice Theiler
United States Magistrate Judge